UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CEDRIC GUESS, | No.  2:13-cv-2652 AC P |
| Plaintiff, | |
| v. | ORDER |
| L. LOPEZ, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff failed to submit an in forma pauperis affidavit or the filing fee and was ordered to do so within thirty days.  See Order filed on Jan. 6, 2014, ECF No. 3.  Plaintiff has subsequently requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4  1915(b)(2).

5  The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint must contain more than a "formulaic recitation of the elements of a cause of

18  action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

20  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

21  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

22  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

24  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

25  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

26  that the defendant is liable for the misconduct alleged."  Id.

27  In reviewing a complaint under this standard, the court must accept as true the allegations

28  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

2

1   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

2   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

3        Plaintiff names one defendant, L. Lopez, an appeals coordinator at High Desert State

4   Prison (HDSP).  Plaintiff's litany of allegations is not entirely directed to this defendant, however.

5   Plaintiff first claims that defendant Lopez has repeatedly violated his federal civil rights and

6   subjected him to punishment and reprisals by unnamed prison officials for exercising his right to

7   seek redress by way of filing a grievance.  Plaintiff claims broadly that defendant Lopez

8   repeatedly screens out and rejects his inmate appeals in order to frustrate plaintiff's efforts to

9   pursue relief for civil rights violations.  ECF No. 1 at 2-3.  Plaintiff alleges that this violation of

10  his rights has permitted unnamed HDSP administrators to place derogatory and unsubstantiated

11  records into his prison C-file and to attach a special custody classification which complicates his

12  employability, etc.  Id. at 3-4.

13       Plaintiff claims Lopez and unnamed prison officials are colluding to violate his

14  constitutional rights and have deliberately delayed the processing of his legal incoming and

15  outgoing mail.  Plaintiff alleges (confusingly) that he has discerned a "nefarious scheme" with

16  regard to the "false[]" custody designation because plaintiff produced the same documents in

17  support of his appeal as prison officials have in his C-file, leading plaintiff to believe that

18  defendant Lopez never reviewed the documents.  He claims the documents show he should never

19  have received the special custody classification.  Id. at 4.

20       Plaintiff claims generally that he is being subjected to retaliation, denied his right to

21  access the courts, in part because he is not being permitted to exhaust his administrative remedies,

22  and is denied a due process right to challenge an unfounded custody designation.  Plaintiff seeks

23  injunctive relief, without specifying what form it should take.  Id. at 5-8.

24       Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure.  Much of

25  plaintiff's complaint is vague and conclusory and fails to state a claim for relief.  Although the

26  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

27  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

28  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

1  which defendants engaged in that support plaintiff's claim.  Jones v. Community Redev. Agency,

2  733 F.2d 646, 649 (9th Cir. 1984).

3       *Grievance Procedure*

4       Prisoners do not have a separate constitutional entitlement to a specific prison grievance

5  procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Even the non-existence of, or

6  the failure of prison officials to properly implement, an administrative appeals process within the

7  prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th

8  Cir. 1988); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932

9  F.2d 728 (8th Cir. 1991).  "[A prison] grievance procedure is a procedural right only, it does not

10  confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty

11  interest requiring the procedural protections envisioned by the fourteenth amendment."  Azeez v.

12  DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982).  Specifically, a failure to process a grievance does

13  not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest

14  protected by the Due Process Clause of the federal constitution only if those regulations pertain to

15  "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

16  to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).[1]  Plaintiff's

17  claim of a due process violation with regard to how his appeals are processed or rejected by

18  defendant Lopez will be dismissed but plaintiff will be granted leave to amend.

19       *Retaliation*

20       "Prisoners have a First Amendment right to file grievances against prison officials and to

21  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

22  (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009)).  A viable retaliation claim in the

23

_____

24  [1] "[W]e recognize that States may under certain circumstances create liberty interests which are
protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S. 369 [] (1987).

25  But these interests will be generally limited to freedom from restraint which, while not exceeding
the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause

26  of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493 [] (transfer to mental hospital), and
Washington[ v. Harper], 494 U.S. 210, 221- 222 [ ]( (involuntary administration of psychotropic

27  drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
ordinary incidents of prison life."  Sandin v. Conner, supra.

28

1   prison context has five elements: "(1) [a]n assertion that a state actor took some adverse action

2   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

3   chilled the inmate's exercise of his First Amendment rights,[] and (5) the action did not

4   reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68

5   (9th Cir. 2005).

6       Plaintiff alleges that defendant Lopez's repeated rejections of his inmate appeals has

7   somehow led unnamed prison officials to unspecified acts of reprisal on unidentified occasions.

8   He appears to be saying that this retaliation takes the form of delays with the processing of his

9   legal mail by Lopez and others, and has led to a custody designation in his prison record that is

10  not warranted.  Plaintiff does not specify who other than defendant Lopez is delaying his legal

11  mail, when it is being delayed, or how an appeals coordinator has any involvement in the

12  processing of inmate mail.  Plaintiff also fails to specify what specific appeals have been delayed

13  or improperly rejected.  Plaintiff's lack of specificity with regard to this claim renders it too vague

14  and conclusory to frame a viable claim for relief.  Plaintiff's claims of retaliation will be

15  dismissed but plaintiff will be granted leave to amend.

16          *Right to Access the Courts*

17      Prison inmates have a constitutionally protected right to access the courts in order

18  to bring challenges to their criminal convictions and to the conditions of their confinement.

19  Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  Prison officials may not actively interfere with an

20  Inmate's ability to access the courts.  Silva v. Di Vittorio, 658 F.3d 1090, 1102-03 (9th Cir.

21  2011).  When a prisoner alleges such interference, he must demonstrate actual injury such as the

22  inability to meet a filing deadline or to present a non-frivolous claim.  Lewis, 518 U.S. at 348-49,

23  352-53 & n.3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert.

24  denied, 132 S. Ct. 1823 (2012); Silva, 658 F.3d at 1102-03.  Actual injury is a jurisdictional

25  requirement and may not be waived.  Nevada Dept. of Corr., 648 F.3d at 1018 (citing Lewis,

26  518 U.S. at 349).

27      Plaintiff has not set forth any actual injury he has suffered as the result of interference by a

28  prison official with his right to access the courts.  Simply generally alleging in general terms that

1    his legal mail has been delayed, without more, does not state a claim of denial of access to the

2    courts.  This claim will be dismissed but plaintiff will be permitted to file an amended complaint.

3              *Sex Offender Classification*

4    Plaintiff includes an exhibit to his complaint which indicates that he has received an R-

5    suffix custody designation.  ECF No. 1 at 20.  Plaintiff also attaches a copy of a document

6    indicating that he was found guilty at his criminal trial of, inter alia, attempted pimping of a

7    prostitute who was a minor under age 16.  Id. at 24.

8    Prisoners may not be deprived of liberty without due process.  Wolff v. McDonnell, 418

9    U.S. 539 (1974).  However, a prisoner does not have a constitutional right to a particular

10   classification status.  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting

11   Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), wherein the Supreme Court, in a footnote,

12   explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs

13   in the federal system" invoked due process protections).

14   To state a claim for deprivation of procedural due process, a plaintiff must first establish

15   the existence of a liberty interest for which the protection is sought.  Board of Regents v. Roth,

16   408 U.S. 564, 569-70 (1972).  Liberty interests may arise from the Due Process Clause or from

17   state laws and regulations.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

18   To find a liberty interest conferred by state law, the court must focus on the nature of the

19   deprivation, not the language of any particular regulation, to avoid involvement of the federal

20   courts in day-to-day management of prisons.  Sandin v. Conner, 515 U.S. at 479-484.  A prisoner

21   must allege "conditions which 'impose[ ] atypical and significant hardship on the inmate in

22   relation to the ordinary incidents of prison life' " in order to demonstrate a constitutionally-

23   protected interest was harmed by his classification status.  Sandin, 515 U.S. at 484.

24   The Ninth Circuit in Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir.1997), determined that

25   a sex offender classification may implicate a prisoner's liberty interest subject to due process

26   protection in some circumstances.  The Ninth Circuit found a liberty interest was implicated in

27   Neal because in addition to being classified as a sex offender, the prisoner was required to

28   complete a mandatory treatment program as a pre-requisite to parole. 131 F.3d at 830 ("the

1   stigmatizing consequences of the attachment of the 'sex offender' label coupled with the

2   subjection of the targeted inmate to a mandatory treatment program whose successful completion

3   is a precondition for parole eligibility create the kind of deprivations of liberty that require

4   procedural protections."); Kritenbrink v. Crawford, 457 F.Supp.2d 1139, 1149 (D.Nev. 2006)

5   ("the stigmatizing label in conjunction with [certain] disadvantages goes beyond the typical

6   hardships of prison life.").  However, the sex offender classification must be linked to some form

7   of coercive, mandatory treatment to implicate due process.  Cooper v. Garcia, 55 F. Supp.2d

8   1090, 1102 (S.D. Cal. 1999).  Merely alleging that employability may be affected is not

9   sufficient.  The claim will be dismissed with leave to amend.

10          *Conspiracy*

11          To state a claim for conspiracy under section 1983, a plaintiff must plead specific facts

12   that suggest a mutual understanding among conspirators to deprive plaintiff of his constitutional

13   rights.  Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir.1990) (per curiam).  Conclusory allegations

14   are not sufficient.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989); Aldabe

15   v. Aldabe, 616 F.2d 1089 (9th Cir.1980).  Moreover, any alleged conspiracy to apply an R suffix

16   custody designation states no claim under § 1983 because plaintiff does not show a violation of

17   his constitutional rights by that custody status.  The complaint will be dismissed but plaintiff will

18   be granted leave to amend.

19          *Amendment of the Complaint*

20          If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

21   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

22   F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

23   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

24   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

25   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

26   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

27   participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

28   266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3    complaint be complete in itself without reference to any prior pleading.  This is because, as a

4    general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa

5    County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint

6    super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

7    amended complaint, the original pleading no longer serves any function in the case.  Therefore, in

8    an amended complaint, as in an original complaint, each claim and the involvement of each

9    defendant must be sufficiently alleged.

10    Request for Appointment of Counsel

11    Plaintiff has requested appointment of counsel.

12    The United States Supreme Court has ruled that district courts lack authority to require

13    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

14    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

15    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

16    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

17    The test for exceptional circumstances requires the court to evaluate the plaintiff's

18    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

19    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

20    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff seeks

21    counsel based on circumstances common to most prisoners.  However, lack of legal education

22    and limited law library access do not establish exceptional circumstances that would warrant a

23    request for voluntary assistance of counsel.  In the present case, the court does not find the

24    required exceptional circumstances.

25    In accordance with the above, IT IS HEREBY ORDERED that:

26    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

27    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

28    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

8

1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4.  Plaintiff's request for the appointment of counsel (ECF No. 6) is denied.

DATED: May 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE